To the grounds stated in the former decree for the allowance of commissions the Court has nothing to add. They then appeared to us sufficient; and they now seem so. The order must, therefore, stand as to that part of it. The other point raised in the petition was not free from difficulty when the decree was pronounced, and has been carefully reconsidered now. The result is an increased confidence in the correctness of the rule adopted.
The argument against it assumes that the Court dispenses with the production by an administrator of bonds alleged by him to have been due from the intestate to himself, or to have been paid off by him in the course of administration. The want of those bonds certainly presented an obstacle to the credit claimed by the defendant. But it is altogether a mistake to suppose that the Court acted upon such a principle, or allows such latitude to administrators, as to give them credit without the production of the evidence of the debt. It was so done in this case; but it stands upon very special and peculiar grounds.
(146) A judgment in general is a sufficient voucher for the executor, without going further back. Here there was a judgment. But being by one administrator to another, and therefore incapable of being enforced at law, it was held by the Court not to be conclusive as a judgment. But we could not say it was not evidence of a settlement between the administrators, whereby the claims of one of them against the estate were adjusted; nor that such a settlement appearing to be fairly made, should not, after more than twenty years and the death of the administrator, who was a creditor, be any evidence of the justice of the demand. Perhaps, under those circumstances, it ought to be taken as plenary evidence, and that if the Court erred, the error was in correcting the judgment, or rather settlement by the books of the creditor — as *Page 123 
was done. This correction was made for the want of the bonds, and the fear (not that we should do injustice in this case by allowing the whole debt, but) that it might be a precedent drawn to the aid of more fraudulent and more negligent representatives. The Court allowed the judgment, therefore, to stand as to so much of the debt as was contracted in the intestate's lifetime and would form debits on the mercantile books, only so far as the unexceptionable evidence of the entries, made in those books when there was no temptation or opportunity to commit a fraud by making false ones, sustained them. The reasons for this were, first, that thus far the debts were proved to be true ones; second, that there was no ground to impute to the administrator, Ragland, the dishonest admission of an unfounded demand; thirdly, that he had reason to believe it just, as well from the production of the evidences of debt as the oath of his coadministrator; fourthly, fraud on the part of Harper was repelled as well by the fact of his oath as the exhibition and filing in the suit of an account in detail of the demands, and his affidavit of their justice, so as to give full information to those interested in future to investigate it; fifthly, that the specialties ought to have been filed, and must be presumed to have been filed in the clerk's office with the record of the suit, and the loss of them must be taken to have (147) happened there, and therefore that the defendants, not being the persons to have the custody of them, are excused from producing them; sixthly, that the death of Harper twenty years ago puts it out of the power of the defendants, however just these debts may have been, to offer further evidence of their justice, which could be heard by way of proof; and lastly, that those debts are positively stated to be just in the answer of Henry Branson, who was the surviving partner of those firms, and who is made a defendant in this suit as administrator of Harper.
Whenever all these circumstances shall again concur to prove the probable justice of a credit, to repel the imputation of fraud or imposition, and to excuse the nonproduction of more direct and higher evidence, I shall be prepared to give to them, in combination, the same force and effect they had in this cause.
PER CURIAM. Petition dismissed.
Cited: Whitted v. Webb, 22 N.C. 452; Moore v. Brown, 51 N.C. 108;Carr v. Stanley, 52 N.C. 132; Drake v. Drake, 82 N.C. 445; McNeill v.Hodges, 83 N.C. 512; Dickens v. Miller, ib., 548; Jackson v. Shields,87 N.C. 441; Wilson v. Lineberger, 88 N.C. 429; Grant v. Reese, 94 N.C. 731;Topping v. Windley, 99 N.C. 10; Costen v. McDowell, 107 N.C. 549;Coggins v. Flythe, 113 N.C. 110. *Page 124